WESTERN DIST.
October, 1840.

CAMPBELL
*vs.*
HIS CREDITORS.

By agreement of counsel and consent filed, the judgment in this case was reversed, and the cause remanded for a new trial, the appellees paying the costs of the appeal.

*Barbour*, for plaintiffs and appellees.

*Farrar*, contra.

---

## CAMPBELL *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE THEREOF PRESIDING.

The act of 1817, relative to voluntary surrenders is highly penal, and must be strictly construed as regards debtors charged with fraud.

Where the verdict of the jury, in a case of fraud, finds the facts charged as fraudulent *to be true*, but negatives any *fraudulent intent* on the part of the ceding debtor, it is substantially a verdict of acquittal, and judgment must be so pronounced.

It is essential to a special verdict that it finds the facts, but leaves the legal consequences, to be drawn from such facts, to the court.

But where the jury find certain facts true, and draw their own conclusions from them in favor of the defendant, it is a general verdict of acquittal.

This case comes up before the court on an opposition of one John W. Bailey, charging the defendant with fraud, in relation to his creditors, and denying him the benefit of the insolvent laws.

The opponent shows that he had obtained a judgment against Campbell, the defendant in this opposition, and was proceeding to sell property, when, on the 14th August, 1838, he was stopped by the surrender of the insolvent's property to his creditors.

A syndic was appointed, who returned the proceedings into court and prayed for their homologation, to which the plaintiff herein made opposition, on various grounds, that the insolvent has not complied with the provisions of law: 1. Being a merchant he did not produce his books in court; neither did he specify any of his rights or credits; he made no assignment to his creditors; has not specified the causes of his losses. 2. That he has been guilty of fraud towards his creditors, and charges him with withholding debts and claims due him, and collecting them after his surrender, &c. He prays that the order staying proceedings against the debtor, be set aside, and that he be denied the benefit of the insolvent laws.

Upon the allegations set forth, evidence was taken and the cause submitted to a jury, who returned the following verdict, to wit:

"We of the jury find the facts alleged in the opposition to be true, but we do not believe Campbell intended to be guilty of fraud."

Judgment was rendered on this verdict, sustaining the opposition, and rejecting the prayer of the insolvent to be admitted to the benefit of the insolvent laws. From this judgment Campbell, the ceding debtor, appealed.

*M'Guire,* for the plaintiff in opposition, contended that the judgment was correct and should be affirmed. The verdict was special; it found the facts charged to be fraudulent, and which in law are so. It was then the duty of the court to pronounce the judgment which it has done in this case.

*Downs* and *Copley*, for the defendant, insisted on the reversal of the judgment. The charge of fraud in the opposition, under the insolvent law, is criminal or at least highly penal, and it is *the intention* to defraud, that constitutes the offence. This the jury have negatived by their verdict, and a judgment of acquittal should have been pronounced.

*Bullard, J.,* delivered the opinion of the court.

John Campbell, the appellant, having made a surrender of his property to his creditors, who thereupon met and appointed a syndic. Bailey, a judgment creditor, presented his petition to the District Court, in which he alleges, as grounds of opposition, first, that the insolvent, although a merchant, did not produce to the judge who accepted the surrender, his commercial books; that he did not specify any of his rights and credits; that he made no assignment to his creditors, and no assignment could be made without specifying each right and credit; that he had not set forth the cause of his losses; and that one cause assigned is false, to wit: that his wife had withdrawn her dower, she never having had any dower, but that her property was all paraphernal, which he had not legal right to administer. He further alleges, that the insolvent has been guilty of fraud towards his creditors, and consequently is not entitled to the benefit of the insolvent laws. He enumerates as fraudulent acts, that the insolvent had confessed judgment in May 1838, in favor of Kimball & Pomeroy; that he was prosecuting a suit in the District Court against Mary S. Skinner, upon a claim not specified in his schedule; that he had received information, from various persons, that Campbell was in possession of rights and credits not embraced in his schedule, which he is trying to collect, and that he had collected money from several persons and had not accounted for it. He further alleges, that Campbell did not appear at the meeting of his creditors, and did not deposit his commercial books. He concludes, by praying that the proceedings may be set aside, and the insolvent be denied the benefit of the act.

A jury was impannelled to try the case thus presented, who found that the facts alleged in opposition were true but that they did not believe Campbell intended to be guilty of fraud. Upon this verdict, the court rendered a judgment sustaining the opposition, and decreeing that the prayer of Campbell, to be admitted to the benefit of the act in relation to insolvent debtors, be rejected and dismissed. The insolvent appealed.

This proceeding appears to have taken place in pursuance of the 18th section, of the act of 1817, relative to the voluntary surrender of property. The consequences of a conviction of fraud under that act, are highly penal, not only depriving the insolvent of the benefit of all laws in favor of insolvent debtors, but rendering him incapable of holding any office of honor or profit under the state. 2 *Moreau's Digest*, 130. The provisions of the act must, therefore, be strictly complied with, and the acts complained of be such as the law declares to be fraudulent, and done with a fraudulent intent. The verdict in this case negatives the fraudulent intention, although it finds the facts alleged to be true. We are of opinion, that the verdict was substantially one of acquittal, and did not authorize the judgment pronounced thereupon by the District Court. The verdict does not appear to us to be a special one, as was contended in argument. It is essential to a special verdict, that it finds the facts, but leaves the legal conclusion, to be drawn from such facts, to the court. In the present case, the jury drew that conclusion for themselves in favor of the defendant. The acts complained of are not necessarily fraudulent. The insolvent may, very innocently, have confessed judgment in favor of a particular creditor before his surrender. Rights and credits may have been omitted on the schedule through inadvertency, and if he proceeded to collect money by himself, or his attorney after the surrender, it is the duty of the syndic to recover it from them, for the use of all the creditors. Many of these grounds will remain open for opposition in the further progress of the proceedings, and we are to presume the syndic will do his duty

The act of 1817, relative to voluntary surrenders is highly penal, and must be strictly construed as regards debtors charged with fraud. Where the verdict of the jury, in a case of fraud, finds the facts charged as fraudulent *to be true*, but negatives any *fraudulent intent*, on the part of the ceding debtor, it is substantially a verdict of acquittal and judgment must be so pronounced.

It is essential to a special verdict that it finds the facts, but leaves the legal consequences, to be drawn from such facts, to the court. But where the jury find certain facts true, and draw their own conclusions from them in favor of the defendant, it is a verdict of acquittal.

WESTERN DIST.
October, 1840.

It is, therefore, ordered and adjudged, that the judgment of the District Court be avoided and reversed, and that ours be for the defendant, Campbell, with costs in both courts.